[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 21, 2006
THOMAS K. KAHN
CLERK

No. 05-13301
Non-Argument Calendar

_____

D. C. Docket No. 04-00238-CR-T-17-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ZAMBRAND DE LA CRUZ QUERIDO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 21, 2006)**

Before TJOFLAT, DUBINA and COX, Circuit Judges.

PER CURIAM:

Zambrand De La Cruz Querido appeals his 87-month sentence stemming

from his convictions for conspiracy to possess with intent to distribute and

possession with intent to distribute five kilograms or more of cocaine, in violation of 46 U.S.C.App. § 1901(a), (g), and (j); and 21 U.S.C. § 960(b)(1)(B)(ii). Querido's offenses involved 3,731 kilograms of cocaine that the U.S. Coast Guard found hidden on a fishing vessel in the Pacific Ocean. The vessel had an eight-member crew, including Querido, who served as a deck hand.

On appeal, Querido asserts that the district court should have granted him a minor role adjustment. He argues that it is uncontroverted that he was just an "average crew member" on a boat with three other "average crew members." He contends that his mere presence on the boat was not an appropriate factor to deny a minor role adjustment. He further argues that the district court did not follow the reasoning established in *United States v. De Varon*, 175 F.3d 930 (11th Cir. 1999), and contends that the court ignored the facts that he had no knowledge or information about the scope or structure of the enterprise, or any of the factors discussed in *De Varon*. He maintains that his presence on the ship contributed little to the venture, and that his role was a classic illustration of what the guidelines label minimal or minor role.

We review a district court's determination of a defendant's role in an offense for clear error. *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (*en banc*). The Sentencing Guidelines provide that a defendant's offense level should

be decreased by four levels if the defendant was a minimal participant in an offense. U.S.S.G. § 3B1.2(a). If the defendant was a minor participant, his offense level should be reduced two levels. U.S.S.G. § 3B1.2(b). In cases in which the defendant's role falls between a minor and minimal participant, the defendant's offense level is decreased by three levels. U.S.S.G. § 3B1.2. The application notes indicate that § 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2 App. Note 3(A).

Minimal participants are "defendants who are plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2 App. Note 4. A defendant's "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." *Id*. This adjustment was intended to be used infrequently. *Id*. Minor participants are defendants who are less culpable than most other participants, but their roles cannot be described as minimal. U.S.S.G. § 3B1.2 App. Note 5.

"The proponent of the downward adjustment . . . always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." *De Varon*, 175 F.3d at 939. In considering a defendant's role in the offense, the district court should first measure the defendant's role against the relevant conduct

3

for which he was held accountable at sentencing. *Id*. at 945. In many cases, this analysis will be dispositive. *Id*. "Only if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable - not a minor role in any larger criminal conspiracy - should the district court grant a downward adjustment for minor role in the offense." *Id*. at 944. Second, the court may "measure the defendant's role against the other participants, to the extent they are discernable, in that relevant conduct." *Id*. at 945. The court "may consider only those participants who were involved in the relevant conduct attributed to the defendant." *Id*. at 944. To apply a minor role adjustment, the court must determine that the defendant was less culpable than most other participants in the relevant conduct. *Id*.

Upon review of the record on appeal and consideration of the parties' briefs, we find no reversible error. The district court did not clearly err in finding that Querido's role was no less critical than the roles of the other participants.

AFFIRMED.